UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHLOE FARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: 1:19-cv-4445 |
| | ) |
| WILSON SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Chloe Farris ("Farris"), by counsel, against Defendant, Wilson Services, LLC, ("Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

**II. PARTIES**

2. Farris is a resident of Marion County in the State of Indiana who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117 and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Farris was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Farris is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Farris' disability and/or regarded Farris as being disabled and/or Farris has a record of being disabled.

8. Farris satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Farris received the required Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Farris began working for Defendant in or around August 2018 as a Therapist. She reported to the owner, James Wilson.

11.    At all relevant times, Farris met or exceeded Defendant's legitimate performance expectations.

12.    Farris suffers from service-connected Post-Traumatic Stress Disorder that qualifies as a disability as that term is defined by the American with Disabilities Act.

13.    Farris applied to a VA program that would require either a 3-week intensive outpatient program or 6-week inpatient program in New Jersey to treat and manager her disability.

14.    On or around April 26, 2019, Farris called Wilson to inform him that she applied for the foregoing programs. Wilson became irate and engaged in an angry rant noting that while he was sick and received a heart transplant, business carried on and still he made sure everyone got paid. Wilson terminated Farris' employment during the phone call.

15.    Defendant failed to accommodate Farris's disability and, instead, terminated her employment because she has a disability.

## V. CAUSES OF ACTION

16.    Farris hereby incorporates by reference paragraphs one (1) through fifteen (15) of her Complaint as if the same were set forth at length herein.

17.    Defendant discriminated against Farris by failing to accommodate her and subjecting her to disparate treatment on the basis of her disability.

18.    Defendant's actions were intentional, willful, and in reckless disregard of Farris' legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

19. Farris has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Chloe Farris, by counsel, respectfully requests that this court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Provide appropriate accommodations to Plaintiff to reinstate her to the position, salary, and seniority she would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's unlawful actions;

5. Award the Plaintiff compensatory damages for Defendant's violations of the ADA;

6. Award the Plaintiff punitive damages for Defendant's violations of the ADA;

7. Award the Plaintiff attorney fees, litigation expenses, and costs incurred as a result of this action;

8. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

9. Grant such other relief as my be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Chloe Farris*

## DEMAND FOR JURY TRIAL

Plaintiff, Chloe Farris, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Chloe Farris*